UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLIN DENNIS COLEBROOK,<br><br>               Plaintiff,<br><br>-against-<br><br>304 PADDOCK ROADS LLC, ANTHONY W. FALZO and F AND M ENTERPRISES LLC,<br><br>               Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 25-CV-2014 |

*Appearances:*

| | |
|---|---|
| *For the Plaintiff:*<br>YAKOV MUSHIYEV<br>Yakov Mushiyev & Associates, P.C.<br>One Cross Island Plaza - Suite 325<br>Rosedale, NY 11422 | *For Defendants Anthony W. Falzo* and *F and M Enterprises LLC:*<br>ROBERT S. MAZZUCHIN<br>Brand Glick & Brand, P.C.<br>100 Ring Road West<br>Garden City, NY 11530 |

**BLOCK, Senior District Judge:**

      On April 10, 2025, defendants Anthony W. Falzo and F and M Enterprises LLC (the "removing defendants") removed this case from New York Supreme Court, Kings County, based on diversity jurisdiction. *See* Notice of Removal, ECF No. 1. Following an Order to Show Cause for why the case should not be remanded for failure to affirmatively allege complete diversity, Magistrate Judge James R. Cho issued a Report and Recommendation ("R&R") recommending the *sua sponte* remand of this case to the New York Supreme Court, Kings County for lack of jurisdiction and failure to comply with procedural rules. R&R, ECF No. 9.

      Judge Cho identified three defects with the removal process making remand appropriate. *See* 28 U.S.C. § 1447(c). The removing defendants were instructed to object to the R&R within 14 days and did so in an amended objection on July 21, 2025. ECF No. 11. When a party objects

to a magistrate judge's R&R, "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Having conducted a *de novo* review, the Court has determined that the removing defendants fail to meaningfully object to any of the issues highlighted by Judge Cho; remand is therefore both appropriate and necessary.

First, the R&R identified the removing defendants' failure to identify the members of 304 Paddock Road LLC ("304 Paddock") and thus, their failure to establish the complete diversity required for this Court to exercise diversity jurisdiction. 28 U.S.C. § 1332, 1441; *see Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ([T]he citizenship of a limited liability company is determined by the citizenship of each of its members."). The party seeking removal to federal court bears the burden of establishing that the requirements for diversity jurisdiction have been met. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994).

To explain their failure to affirmatively plead complete diversity, the removing defendants claim that 304 Paddock was in default as of November 30, 2023, and that pursuant to N.Y.C.P.L.R. § 3215(c), 304 Paddock *should have been* removed as a party from the case a year after its default (i.e., on November 30, 2024). Unfortunately, when the defendants were last in state court (including for some months after November 30, 2024), they did not remind the New York Supreme Court of its duty to dismiss the claim against 304 Paddock. They also did not heed the advice Judge Cogan when they were last before this Court, when he told them that if they "want to make the case removable, they need to obtain an Order from the state court or a stipulation from plaintiff dismissing 304 Paddock Road LLC." Order, Dkt. 7 in No. 24-CV-6539-

BMC. Because of these repeated failures to act, 304 Paddock is still a defendant in the case as it was presented to the Court on removal.

Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 74 (1938). And generally, under this doctrine, "[w]hen a situation is covered by one of the Federal Rules [of Civil Procedure], ... the court has been instructed to apply the Federal Rule." *Hanna v. Plumer*, 380 U.S. 460, 471 (1965). Default judgements are governed by Fed. R. Civ. P. 55(b), while the involuntary dismissal of claims is governed by Fed. R. Civ. P. 41(b). Neither rule requires anything close to N.Y.C.P.L.R. § 3215(c)'s automatic dismissal after a year of inaction, and as such this Court is under no duty to dismiss 304 Paddock. The removing defendants are advised to seek the dismissal of 304 Paddock upon their remand to state court.

Second, the R&R observed that the case was not removed within one year of commencement in state court and the removing defendants have not alleged bad faith on the part of the Plaintiff as required to avoid the statutory one-year deadline. 28 U.S.C. § 1446(c)(1), (c)(3)(B); *see Khakimova v. Acme Markets, Inc.*, No. 20-CV-02734-ARR-PK, 2020 WL 5511537, at *2 (E.D.N.Y. Sept. 14, 2020) ("The bad-faith exception to the one-year rule is a narrow one. … [T]he defendant bears the burden of proving plaintiff's bad faith by clear and convincing evidence."). To this defect, the removing defendants reiterate only that their removal was delayed by the plaintiff's tardy response to their request for ad damnum. Because they do not affirmatively plead bad faith—much less demonstrate "clear and convincing evidence" of bad faith—the objection fails.

Third, and finally, the R&R noted that removal is proper only if "all defendants who have been properly joined and served . . . join in or consent to the removal of the action." 28 U.S.C. §

1446(b)(2)(A); R&R at *5. As 304 Paddock has not provided written consent and removing defendants have failed to summon a meaningful objection to this issue, remand is appropriate.

**Conclusion**

Having conducted a *do novo* review of the record and the R&R, the Court finds that the R&R correctly identified the reasons why remand is appropriate, and that the removing defendants raise no meritorious objections. Judge Cho's R&R is accordingly ADOPTED, and the defendants' objections are OVERRULED. The Court directs the clerk to remand this action to the New York State Supreme Court, Kings County.

**SO ORDERED.**

_/S/ Frederic Block_____  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
September 2, 2025